UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:24CV-P320-CRS

AVREN SCOTT                                                                                              PLAINTIFF

v.

MARK BAKER *et al.*                                                                                 DEFENDANTS

### MEMORANDUM OPINION

Plaintiff Avren Scott filed the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff, an inmate at the Eastern Kentucky Correctional Complex, sues Jefferson Circuit Court Judge Julie Kaelin and Mark Baker, an Assistant Commonwealth Attorney, in their official and individual capacities.

Plaintiff states that Defendants violated his "Kentucky Constitutional Rights Section 13: Double Jeopardy under Kentucky Revised Statute 532.020 Persistent felony offender sentencing." He asserts that Kaelin and Baker were the judge and Assistant Commonwealth Attorney, respectively, in his criminal case, which went to trial on February 13, 2023. He states that he was convicted by a jury of attempted murder and being a persistent felony offender and a felon in possession of a handgun and sentenced to 50 years' imprisonment. Plaintiff alleges that Defendants "used the KRS 532.080(5) PFO second degree instructions with the PFO first degree instruction to enhance plaintiff to 50 years" in violation of the Double Jeopardy Clause.

As relief, Plaintiff seeks compensatory and punitive damages and to be "placed on bail bond on appeal pursuant to Rule 12.78."

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### *A. Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Kaelin and Baker are state employees or officials.  Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky.  *See Kentucky v. Graham*, 473 U.S. at 166.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's official-capacity claims for monetary damages must be dismissed for seeking monetary damages from a defendant immune from such relief and for failure to state a claim upon which relief may be granted.

Plaintiff also requests injunctive relief in the form of being "placed on bail bond on appeal pursuant to Rule 12.78."  However, this is not an available remedy under § 1983.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, Plaintiff's official-capacity claims against Kaelin and Baker for injunctive relief must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claims*

Moreover, with regard to Plaintiff's claim against Jefferson Circuit Court Judge Kaelin, judges are entitled to absolute immunity from suit for all actions taken in their judicial capacity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity can be overcome in only two situations--for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 356-57. It is evident that the actions alleged in the complaint were in the scope of Kaelin's judicial capacity and not beyond her jurisdictional authority. Therefore, Plaintiff's claim against Kaelin in her individual capacity must be dismissed for failure to state a claim upon which relief may be granted.

Moreover, with respect to Baker, prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Because Plaintiff's claim against Baker is

barred by prosecutorial immunity, the individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

For these reasons, the Court will dismiss the action by separate Order.

Date: October 30, 2024

_[signature]_

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.010